# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE DAVID MACMILLAN,<br><br>        Debtor,<br>_____<br>DAVID MACMILLAN, et al.,<br><br>        Appellants,<br><br>        v.<br><br>ROSENDO GONZALEZ, as CHAPTER 7 TRUSTEE,<br><br>        Appellee. | Case No. CV 18-3037 FMO<br><br>(BK Case No. 16-21559 NB)<br>(Adv. Case No. 17-1485 NB)<br><br><br>**ORDER RE: BANKRUPTCY APPEAL** |

On April 11, 2018, appellants David MacMillan ("debtor" or "MacMilllan") and Cynthia B. Martin ("Martin") (collectively, "appellants") initiated this appeal from the Bankruptcy Court's Order of April 6, 2018, (Adv. Dkt. 31), entered in an adversary proceeding, (Adv. Case No. 17-1485 NB), filed in MacMillan's Chapter 7 bankruptcy proceedings, (BK Case No. 16-21559 NB). (See Dkt. 1, "Notice of Appeal"). The Bankruptcy Court's Order of April 6, 2018, (Adv. Dkt. 31), partially granted the motion for summary judgment, (Adv. Dkt. 14, "MSJ"), filed by appellee Rosendo Gonzalez in his capacity as Chapter 7 trustee ("appellee" or "trustee").

"In the realm of bankruptcy, the district courts have jurisdiction to hear appeals from final bankruptcy orders, and may grant leave to hear appeals from interlocutory orders." In re Ryther,

799 F.2d 1412, 1414 (9th Cir. 1986) (citing 28 U.S.C. § 158(a)[1]); see Bullard v. Blue Hills Bank, 135 S.Ct. 1686, 1691 (2015) (same). "An order granting a motion for partial summary judgment is an interlocutory order." In re Pintlar, 124 F.3d 1310, 1312 (9th Cir. 1997) (citing St. Paul Fire & Marine Ins. Co. v. F.H., 55 F.3d 1420, 1425 (9th Cir.), cert. denied, 516 U.S. 1028 (1995)); see Cheng v. Commissioner, 878 F.2d 306, 309 (9th Cir. 1989) ("It is axiomatic that orders granting partial summary judgment, because they do not dispose of all claims, are not final appealable orders under section 1291."); Evon v. Law Offices of Sidney Mickell, 688 F.3d 1015, 1020 (9th Cir. 2012) (same); Wolf v. Banco Nacional de Mexico, S.A., 721 F.2d 660, 662 (9th Cir. 1983), cert. denied, 469 U.S. 1108 (1985) (same).

The Bankruptcy Court's Order of April 6, 2018, (Adv. Dkt. 31), only partially granted the trustee's MSJ, (Adv. Dkt. 14). As such, it was not an order by which the bankruptcy court "disassociate[d] itself from [the] case," Bullard, 135 S.Ct. at 1691 (quoting Swint v. Chambers County Comm'n, 514 U.S. 35, 42, 115 S.Ct. 1203, 1208 (1995)), and thus does not constitute a final order under § 158(a)(1). See In re Kong, 196 B.R. 167, 170 (N.D. Cal. 1996) ("The Bankruptcy Court's summary judgment did not resolve all of the claims in the adversary proceeding between the trustee and the bank. The decisions were therefore interlocutory. Interlocutory decisions are not appealable of right, and an appellant is required to have leave to appeal."). Because appellants did not seek leave to appeal the Bankruptcy Court's Order of April 6, 2018, (Adv. Dkt. 31), the appeal is dismissed for lack of jurisdiction. See In re City of Desert Hot Springs, 339 F.3d 782, 787-88 (9th. Cir. 2003), cert. denied, 540 U.S. 1110 (2004) ("It is within the discretion of the district court . . . to hear interlocutory appeals. We have no jurisdiction to consider whether such exercises of discretion are proper.") (internal citations omitted).

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

---

[1] Unless otherwise indicated, all subsequent statutory references are to Title 28 of the United States Code.

2

1. The above-captioned action is **dismissed without prejudice** for lack of jurisdiction.
2. The parties' Stipulation to Stay Case (**Document No. 23**) is denied as moot.
3. Judgment shall be entered accordingly.

Dated this 2nd day of October, 2018.

                                                  /s/
                                 Fernando M. Olguin
                            United States District Judge